IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOAN CARRIGAN,

    Plaintiff,

v.                                   Civil Action No. 5:05CV131
                                        (STAMP)

ELI LILLY AND COMPANY,
ADAM LORENZI, individually
and in his capacity as agent
for Eli Lilly and Company,
LIBERTY MUTUAL INSURANCE COMPANY,
a Massachusetts corporation,
DANIEL T. DONAHUE, JR.,
individually and in his capacity
as agent and employee of
Liberty Mutual Insurance Company,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
MOTION TO DISMISS DEFENDANT DANIEL DONAHUE**

I. Procedural History

On March 24, 2005, plaintiff, Joan Carrigan, filed a complaint in the Circuit Court of Ohio County, West Virginia against the defendants, Eli Lilly and Company, Adam Lorenzi ("Lorenzi"), Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Daniel T. Donahue, Jr. ("Donahue") alleging that the negligent and intentional acts and omissions of the defendant Lorenzi were the direct and proximate cause of the plaintiff's injuries. The complaint also alleges that Liberty Mutual and Donahue took action in violation of the Unfair Claims Settlement Practices Act and breached the implied covenant of good faith and fair dealing. On

August 3, 2005, the plaintiff filed a notice of dismissal as to the defendants Eli Lilly and Company and Lorenzi. On August 16, 2005, the defendants Liberty Mutual and Donahue removed this action to this Court pursuant to 28 U.S.C. § 1441(a).

On November 16, 2005, Liberty Mutual filed a motion to dismiss Donahue from this civil action pursuant to Rules 4 and 12(b)(5)[1] of the Federal Rules of Civil Procedure arguing that service had not been accomplished within 120 days of the filing of the complaint. To date, the plaintiff has failed to file a response to that motion.

For the reasons state below, this Court finds that defendant Liberty Mutual's motion to dismiss Donahue based upon insufficient service of process should be granted without prejudice.

## II. Facts

On November 19, 2003, the plaintiff was employed as a nurse in the Family Health Department of Wheeling Hospital. The plaintiff alleges that Lorenzi was carrying a case containing pharmaceutical samples for display and sale to physicians. The plaintiff alleges that Lorenzi negligently placed his pharmaceutical "sample case"

---

[1] "Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the court to dismiss a civil action when service of process is inadequate or when the plaintiff does not attempt service within a reasonable time." Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 510 (E.D. La. 1985)(citing Miree v. United States, 490 F. Supp. 768, 775 (N.D. Ga. 1980), aff'd, 538 F.2d 643 (5th Cir. 1976), vacated on other grounds, 433 U.S. 25 (1977). See also Canada v. Mathews, 449 F.3d 253, 254 (5th Cir. 1971).

2

("case") at the corner of the nurses' station. (Liberty Mutual's Mot. Dismiss ¶ 10.) The plaintiff asserts that she caught her foot on the concealed case, lost her balance and "plummeted backwards toward the floor." (Compl. ¶ 12.) The plaintiff asserts that she sustained multiple fractured bones and torn ligaments in and about her right wrist, and suffered other injuries to her head, legs, buttocks. Based upon this incident, the plaintiff states that she had to endure shock, fear and excruciating pain.

The plaintiff seeks damages for negligence and for violations of the Unfair Claims Settlement Practices Act and breach of the implied covenant of good faith and fair dealing, including past and future annoyance and inconvenience, annoyance, inconvenience, emotional distress and mental anguish associated with defendants Liberty Mutual's and Donahue's failure to investigate the plaintiff's claim and to provide a prompt, fair, and equitable settlement of the plaintiff's claim, past, present and future emotional distress, mental anguish, pain and suffering, compensatory damages, including but not limited to medical bills and lost wages, punitive damages and attorney's fees.

### III. Applicable Law

Liberty Mutual moves this Court to dismiss this civil action against Donahue pursuant to Federal Rule of Civil Procedure 12(b)(5). Rule 12(b)(5) allows a party to file a motion for insufficiency of service of process. Federal Rule of Civil

3

Procedure 4(m) requires that a plaintiff effect service of process within 120 days of the filing of the complaint. In order for a plaintiff to withstand a motion to dismiss a complaint for insufficiency of service of process, the plaintiff who failed to comply with the time requirements for serving the defendant "must demonstrate that [she] had good cause for not meeting [the] requirements; trial court does not have discretion to extend time absent showing of good cause." T & S Rentals v. United States, 164 F.R.D. 422 (N.D. W. Va. 1996). Good cause exists when a plaintiff has made "reasonable, diligent" efforts to effect service on the defendant." Id. at 425 (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)). Federal Rule of Civil Procedure 12(b) applies to the issue of waiver because Donahue joined in the removal of this case before Liberty Mutual filed the motion to dismiss. Under Federal Rule of Civil Procedure 12(h), a defendant raising the defense of insufficient service of process must do so in the party's first responsive pleading or by motion before the first responsive pleading. Even if the Court determines that the good cause qualification has not been met, it must determine whether Donahue waived any claim of insufficiency of service of process. Fed. R. Civ. P. 12.

## IV. Discussion

The Court must first determine if the plaintiff has good cause for failing to serve Donahue with a copy of the summons and

complaint within 120 days of the filing of her complaint, as provided by Rule 4 of the Federal Rules of Civil Procedure. The Court must also determine whether, pursuant to Federal Rule of Civil Procedure 12(h), Donahue has waived the defense of insufficient service of process through his prior actions in this civil action.

A. <u>Effectuation of Service</u>

Liberty Mutual contends that the plaintiff has failed to properly perfect service on Donahue, and thus, all claims against him should be dismissed pursuant to Federal Rule of Civil Procedure 4.

The complaint was filed on March 24, 2005. One hundred and twenty days have elapsed as of July 22, 2005. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists when a plaintiff has made "reasonable, diligent" efforts to effect service on the defendant. <u>T & S Rentals</u>, 164 F.R.D. at 425 (citing <u>Quann v. Whitegate Edgewater</u>, 112 F.R.D. 649, 659 (D. Md. 1986)).

There is no evidence that the plaintiff has made a reasonable or diligent effort to serve Donahue in this civil action. The plaintiff attempted service on Donahue on July 14, 2005 by serving him at "'c/o Liberty Mutual Insurance Company' via a post office box for the corporate service agent, CT Corporation System, located

5

in Charleston, West Virginia." (Liberty Mutual's Mot. Dismiss. at 2.) To date, the plaintiff has not made another attempt to serve Donahue. Donahue stated in the notice of removal that he has not been properly served. Even though the plaintiff knew that there was insufficient service of process, she has failed to make any further attempts to serve Donahue.

The plaintiff has not at any time during this litigation asserted that she properly served Donahue or that he waived his right to service of process, despite having notice and sufficient time to do so. Further, this Court finds that the plaintiff had sufficient knowledge of effecting service under the Federal Rules. Thus, the plaintiff has failed to show good cause for the lack of service.

B. <u>Waiver of Defense of Insufficient Service of Process</u>

Despite the absence of good cause, Liberty Mutual's motion to dismiss could be defeated by a finding that Donahue waived the defense of insufficient service of process through his prior actions in this litigation.

Federal Rule of Civil Procedure 12(h) "requires the defense of insufficient service of process to be raised in the party's first responsive pleading or by motion before the responsive pleading." <u>Leach v. BB&T Corp.</u>, 232 F.R.D. 545 (N.D. W. Va. 2005). The court in <u>Leach</u> found that a party does not waive the defense of insufficient service of process solely by removing a case to

6

federal court.  Id. (citing Kiro v. Moore, 229 F.R.D. 228, 232 (D.N.M. 2005)).  Moreover, Judge Learned Hand stated in Greenberg v. Giannini, 140 F.2d 550 (2d Cir. 1944), that "[a]t times courts have indeed spoken as though removal to a federal court 'waived' some defect of venue. . . .  When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'"  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2004).  See also Wabash Western Railway v. Brow, 164 U.S. 271, 276 (1896); Goldey v. Morning News, 156 U.S. 518 (1895).  Thus, this Court finds that Donahue has not waived service by joining in the notice of removal.

Further, this Court finds that Donahue timely raised the defense of insufficient service of process.  Donahue did not file a responsive pleading prior to the notice of removal.  In the notice of removal, Donahue stated that he "has not been properly served with Plaintiff's Complaint."  (Notice of Removal ¶ 3.)  After this civil action was removed, Liberty Mutual filed a pre-answer motion to dismiss on behalf of Donahue raising the defense of insufficient service of process.  See Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991)(by failing to raise the defense of

7

insufficient service of process either in the pre-answer motion or answer, a defendant waives that defense).  Accordingly, Donahue raised the defense of insufficient service of process by Liberty Mutual's pre-answer motion, and thus, has not waived that defense.

While dismissal is warranted, Federal Rule of Civil Procedure 4(m) expressly states that dismissal must be "without prejudice." Fed. R. Civ. P. 4(m).[2]  As stated above, this Court finds that Liberty Mutual's motion to dismiss is granted and defendant Donahue is dismissed without prejudice.  This civil action continues to be pending as to defendant Liberty Mutual Insurance Company.

## V. Conclusion

For the reasons stated herein, the defendant Liberty Mutual Insurance Company's motion to dismiss for failure to properly effect service upon defendant Daniel T. Donahue pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5) is hereby GRANTED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein.

---

[2] The Fourth Circuit Court of Appeals in Mendez v. Elliot, 45 F.3d 75, 78-9 (4th Cir. 1995), stated that the "without prejudice" condition permits a plaintiff to refile the claim as if it had never been filed, but is subject to the consequences of any time defenses.

DATED:     June 15, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE